UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE A. GILL,<br><br>                               Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE,<br><br>                               Defendant. | Case No. 10cv2309 DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Michelle A. Gill filed a Complaint for Review of Final Decision of the Commissioner of Social Security ("Commissioner"). The parties filed cross-motions for summary judgment.[1] Plaintiff requests the Court to reverse the Commissioner's decision or remand her case for a new hearing. For the reasons which follow, Plaintiff's motion for summary judgment is **DENIED** and the Commissioner's cross-motion is **GRANTED**.

Plaintiff developed neck pain in late 1990s. She subsequently underwent left anterior cervical fusion. In 2000 she started developing lower back pain, and in 2001 had a failed discectomy. In 2002 Plaintiff underwent a lumbar fusion. After approximately a year, Plaintiff developed chronic pain. In March 2007 she underwent another discectomy, which was not successful. In August 2007, Plaintiff was walking and tripped over a curb, sustaining a compound fracture of her left leg. After

---

[1] Plaintiff did not file an opposition to Defendant's motion, and neither party filed a reply brief.

1  treatment of her fracture, she developed a severe infection. The following October, she fractured the
2  leg again. Ultimately she had a total of four surgeries related to the fracture on her left leg.

3  On October 26, 2007, Plaintiff filed a claim for disability insurance benefits under Title II
4  of the Social Security Act, which was denied. A hearing before an Administrative Law Judge ("ALJ")
5  was held on July 14, 2009. Plaintiff, medical expert John Morse, M.D., and vocational expert Robin
6  Scher testified. On August 18, 2009, The ALJ found Plaintiff not disabled and denied her application.
7  The Appeals Council denied *de novo* review, and Plaintiff appealed to this Court pursuant to 42 U.S.C.
8  Section 405(g).

9  In reaching his decision, the ALJ followed the five-step sequential evaluation process set forth
10 in 20 C.F.R. Section 404.1520(4). First, he found Plaintiff has not engaged in substantial gainful
11 activity since the alleged onset of her disability on September 20, 2006. (Administrative Record
12 ("AR") at 14.) Second, he determined Plaintiff suffered from multilevel degenerative disc disease of
13 lumbar and cervical spine - status post lumbar fusion, fracture of the left leg, and migraines, all of
14 which he found to be severe, and from anxiety disorder not otherwise specified, which he found not
15 to be severe. (*Id*. at 14-15.) Third, he concluded that none of Plaintiff's impairments or combination
16 of impairments met or medically equaled one of the listed impairments in the regulations. (*Id*. at 15.)

17 Next, he concluded Plaintiff had a residual functional capacity ("RFC") "to lift/carry ten
18 pounds occasionally, less than ten pounds frequently; stand/walk at least two hours in an eight-hour
19 workday; sit six hours in an eight-hour workday;" and that she had "postural limitations of
20 occasionally climbing, balancing, stooping, kneeling, crouching, or crawling." (*Id*. at 15.) In reaching
21 this conclusion, he considered objective medical evidence as well as Plaintiff's symptoms of pain in
22 her left leg, low back and neck. He found that her impairments could reasonably be expected to cause
23 these symptoms, but he rejected Plaintiff's statements concerning the intensity, persistence and
24 limiting effects of the pain as not credible to the extent they were inconsistent with the RFC. (*Id*. at
25 16-17.)

26 Based on his RFC conclusion, the ALJ found at step four that Plaintiff was able to perform
27 her past work as an accounting clerk, collection clerk and customer service representative. (*Id*. at 18.)
28 This was sufficient to find Plaintiff not disabled for purposes of social security disability benefits, and

did not require the ALJ to proceed to the last and fifth step of the evaluation. *See* 20 C.F.R. § 404.1520(a)(v).

Plaintiff contends the ALJ erred his RFC determination and conclusion that she was not disabled. She attacks these findings in three respects: (1) to the extent they were inconsistent with the RFC, the ALJ rejected Plaintiff's statements about the intensity, persistence and limiting effects of her pain as not credible; (2) the ALJ did not address the questionnaire provided by Plaintiff's partner regarding her functional ability; and (3) the ALJ did not give adequate weight to the opinion of Plaintiff's treating physician.

The Court "may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1. (9th Cir. 2005). The denial of benefits must be affirmed if the decision is supported by substantial evidence and applies the correct legal standards. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence means "more than mere scintilla but less than a preponderance." *Desrosiers v. Sec'y of HHS*, 846 F.2d 573, 575-76 (9th Cir. 1988) (internal quotation marks and citations omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ostenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). "Under this standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, [the reviewing court] must defer to the Commissioner's decision." *Batson*, 359 F.3d at 1193 (internal citations omitted).

**Credibility of Plaintiff's Statements About the Limiting Effects of Pain**

The ALJ found Plaintiff's allegations of disabling pain, symptoms, and limitations not credible and rejected them to the extent they contradicted his RFC finding. Plaintiff argues this was error. The Court disagrees. Although a claimant's subjective symptoms are considered in the disability evaluation, *see* 20 C.F.R. § 404.1529(a), "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ." 42 U.S.C. § 423(d)(5)(A).

When, as here, the claimant meets her burden of producing objective medical evidence of an impairment or impairments and shows that the impairment or combination of impairments could

reasonably be expected to produce some degree of symptom, *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996), the ALJ may reject the claimant's testimony

> only if he makes specific findings stating clear and convincing reasons for doing so. ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion. [¶] To determine whether the Claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the Claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the Claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the Claimant's daily activities.

*Id.* at 1284. If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ stated his reasons for rejecting Plaintiff's allegations as follows:

> <u>First</u>, there is no evidence the claimant underwent regular treatment employing a regimen or therapy consistent with the alleged severity of her complaints for any period of twelve or more continuous months, which could reasonably be expected from one suffering unrelenting pain, debilitating symptoms, and severe functional limitations such as those alleged by the claimant. <u>Second</u>, the objective medical evidence record does not support impairments likely to produce disabling pain or limitation. <u>Third</u>, Dr. Rodriguez in his consultative examination on January 19, 2008, reported claimant was able to dress, bathe herself, run errands, go to the store, cook, make snacks, do household chores, and drive a car. Claimant goes for walks and her hobbies include television and sewing.

(AR at 18 (emphases in original).)

Plaintiff argues the ALJ's finding lacks proper support as a matter of law because he relied on a finding that objective medical evidence did not support Plaintiff's assertions regarding the severity of her symptoms. A claimant's statement about the intensity and persistence of his or her symptoms or about the effect of the symptoms on the ability to work may not be rejected *solely* because the available objective medical evidence does not substantiate the claimant's statement. 20 C.F.R. § 404.1529(c)(2). However, the ALJ did not base his credibility finding solely on lack of objective medical evidence supporting it.

Plaintiff also contends that the ALJ's reasoning based on her regular treatment regimen is legally irrelevant. This is not so. *See Smolen*, 80 F.3d at 1284. Plaintiff next maintains the ALJ's factual basis regarding Plaintiff's treatment regimen is untrue. She points to the record of the

numerous surgeries on her neck, back and leg. However, as is apparent from his written decision, the ALJ was focusing not on the medical procedures used in an attempt to address Plaintiff's neck and back problems and her leg injury, but the regular treatment regimen she sought for the symptoms that remained after the surgeries.

According to the record, starting in January 2006 Plaintiff was in pain management treatment due to persistent pain in her lower back. After trying different options, the treatment consisted of muscle relaxant Soma for day, opioid narcotic Percocet at night, a home exercise program based on an initial physical therapy program, and warm moist compresses. (*See* AR at 335-404; *see also id.* at 419 & 430-31.) Throughout this regimen, Plaintiff was recommended more aggressive pain treatment such as insertion of a morphine pump, trial with lumbar steroid and narcotic injections/transforaminal epidural injections, and spinal chord stimulation, but Plaintiff was averse to any form of invasive therapy due to negative experiences in the past. (*Id*. at 335, 376, 276, 374, 372, 370 & 388.) She was satisfied with the regimen she was on, and reported that Percocet was adequate to lower her pain in the evenings and Soma helped her function at a normal level during the day. (*Id*. at 364, 369.) Shortly before the hearing, Plaintiff's pain management physician opined she was suffering "moderate" pain. (AR at 648.) Accordingly, the ALJ's conclusion that Plaintiff's regular regimen was inconsistent with her allegations of unrelenting pain, debilitating symptoms, and severe functional limitations, is adequately supported by the record.

Plaintiff also disagrees with the ALJ's view of her daily activities. The ALJ relied on the report on activities of daily living Plaintiff gave to Dr. Romulado R. Rodriguez, who performed a psychiatric evaluation on behalf of the Social Security Administration ("SSA"). (AR at 573-79.) According to Dr. Rodriguez' report:

> The claimant . . . dresses and bathes herself, runs errands, goes to the store, cooks and makes snacks, participates in household chores, and drives a car. [¶] Outside activities involve going for walks and hobbies include television and sowing. She can leave home alone . . .. She denied any other significant activities.

(AR at 575.) Plaintiff points to her testimony at the hearing and the information about daily activities she provided to the SSA. At the hearing she testified that with medications she is able to perform some daily activities. (AR at 43.) She lives on a boat and is home alone during the day. (*Id*. at 47.)

1  She is able to do the shopping, laundry and other chores without assistance, but finds ways to not have
2  to carry things. (*Id*.) She rests about thirty minutes during the day. (*Id*.) She is also able to drive,
3  but does not do it much. (*Id*.) Her written report to the SSA is consistent with her testimony and
4  report to Dr. Rodriguez, if more detailed. (*See id*. at 224-31.)[2] She reported she took care of the boat
5  inside and out, took care of her pets, and sailed, except that she experienced discomfort in rough seas.
6  (*Id*. at 224-31.) Based on review of all of Plaintiffs' accounts of her daily activities, the ALJ's
7  conclusion, that Plaintiff's self-reported activities were inconsistent with her allegations of disabling
8  pain and resulting work limitations, is adequately supported by the record.

9  Finally, Plaintiff contends the ALJ committed error by not addressing her long-standing
10 positive work history before claimed disability. Although the ALJ must consider a broad spectrum
11 of evidence, including prior work record, an ALJ is not required to include a discussion of a claimant's
12 work history in his or her determination. *See* 20 C.F.R. § 404.1529(c)(3).

13 Based on the foregoing, the ALJ's clear and convincing reasons for rejecting Plaintiff's
14 allegations regarding the severity of her symptoms and their limitation on her ability to work are
15 supported by substantial evidence. Plaintiff's arguments to the contrary are unavailing.

16 **Third Party Lay Statement About Plaintiff's Functional Ability**

17 Plaintiff next claims the ALJ committed error by failing to address a third-party statement
18 regarding her functional limitations. She refers to the statement made by her partner Kerry Kevil at
19 the request of the SSA. (*See* AR at 212-19.)

20 Disregard of lay witness evidence violates the regulation that the Commissioner will consider
21 observations by non-medical sources as to how an impairment affects a claimant's ability to work.
22 *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993), citing 20 C.F.R. § 404.1513(e)(2). Accordingly,
23 the ALJ's disregard of Mr. Kevil's statement was error. The Commissioner argues the error was
24 harmless. The failure to consider lay witness testimony is harmless "when it [is] clear from the record
25 that an ALJ's error was inconsequential to the ultimate nondisability determination." *Robbins v. Soc.*

---

[2] Plaintiff made her statement when she was on crutches recovering from surgeries arising from her leg fracture. Later she sufficiently recovered not to require crutches any more. (*See, e.g.,* AR at 583-88.) As of January 2008, Plaintiff was using a fractured boot, which she was likely to require for more than a year. (*Id*. at 583, 588.) In her statement, Plaintiff explained which activities she could perform notwithstanding her back pain before the leg injury.

1 *Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006). Mr. Kevil's statement regarding Plaintiff's functional ability was in all relevant respects the same as Plaintiff's statement. (*Cf.* AR at 212-19 *with id.* at 224-31.) Because Mr. Kevil's statement related the same daily activities which the ALJ found were inconsistent with the severity of symptoms alleged by Plaintiff, the ALJ's failure to specifically address Mr. Kevil's statement was harmless.

### Plaintiff's Treating Physician's Opinion About Her Ability to Work

The ALJ considered the opinion of Dr. Sam Baroudi, Plaintiff's treating pain management physician, that given her moderate back pain, she could sit and stand thirty to sixty minutes at a time and work four to six hours per day. (*See* AR at 17; *see also id.* at 650.) Upon review of all of the record, however, the ALJ concluded that Plaintiff could stand/walk at least two hours in an eight-hour workday and sit six hours in an eight-hour workday and, with certain limitations, was capable of sedentary work. (*Id.*) Plaintiff argues that the ALJ erroneously disregarded the treating physician's opinion without articulating legally sufficient reasons.

"The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." *Batson*, 359 F.3d at 1195 (internal quotation marks and citation omitted). A treating physician's opinion on the nature and severity of impairments is given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Dr. Baroudi's opinion was presented as a check-the-box form without any explanation or other support for the conclusions expressed therein. (*See* AR at 648-49.) Furthermore, it was contradicted by the well-supported opinion of Thomas J. Sabourin, M.D., a board certified orthopedic surgeon who examined Plaintiff on behalf of the SSA (AR at 583-88; *see also* AR at 16), analyses of Plaintiff's medical records on behalf of the SSA performed by three other physicians (*see id.* at 602-07, 630-33), and the testifying medical expert, who expressly disagreed with Dr. Baroudi's opinion (*id.* at 54-55). "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson*, 359 F.3d at 1195 (internal citations omitted). Accordingly, the ALJ could properly reject Dr. Baroudi's opinion. The ALJ's decision to do so was adequately supported by his review of the medical opinions given on the issue of Plaintiff's

limitations. (*See* AR at 16-17.)

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED**, and Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: December 28, 2011

HON. DANA M. SABRAW
United States District Judge